M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
Roksana D. Moradi (Bar No. 266572)
Michael Avanesian (Bar No. 278685)
**SIMON RESNIK HAYES LLP**
15233 Ventura Bvd., Suite 250
Sherman Oaks, CA 91403
Telephone: (818) 783-6251
Facsimile: (818) 827-4919
jhayes@SRHLawFirm.com
matthew@SRHLawFirm.com
roksana@SRHLawFirm.com

*Attorneys for Debtor*
Arden Rose

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA BARBARA DIVISION**

| | |
|---|---|
| In re | Case No. 9:15-bk-10116-PC |
| | Chapter 7 |
| ARDEN ROSE, | **NOTICE OF MOTION AND MOTION BY SIMON RESNIK HAYES LLP TO WITHDRAW AS ATTORNEY FOR THE DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF M. JONATHAN HAYES** |
| Debtor. | |
| | Date: TBD |
| | Time: TBD |
| | Court: 201 |
| | 1415 State Street |
| | Santa Barbara, CA 93101 |

**TO THE HONORABLE PETER CARROLL, UNITED STATES BANKRUPTCY JUDGE, TO CHAPTER 7 TRUSTEE JERRY NAMBA AND HIS ATTORNEY OF RECORD AND TO ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that at a time and date to be determined, at the above-entitled Court located at 1415 State Street, Santa Barbara, CA 9310, Courtroom 201, SIMON RESNIK HAYES LLP and M. Jonathan Hayes (collectively referred to as the "Firm") will move this Court for an Order permitting him to withdraw as counsel for

1  Arden Rose (hereinafter the "Debtor"), in both the main case as well as the pending
2  adversary proceeding, *Namba v. Rose*, Case No 9:15-ap-01040-PC.  The withdrawal will
3  be effective upon entry of an Order Granting Withdrawal.   The Motion is based on
4  irreconcilable differences between the Debtor and the Firm and disagreements between the
5  Debtor and counsel as to the course this bankruptcy case should take going forward.  The
6  conflict has made it impossible for the Firm to continue to represent the Debtor any
7  further.

8  The Motion is based upon this Notice of Motion and Motion, the attached
9  Declaration, all pleadings and records on file in this case, and upon such other evidentiary
10 matters as may be presented to the Court regarding the Motion.

12 PLEASE TAKE FURTHER NOTICE that pursuant to *Local Bankruptcy Rule*
13 *9013-1*, any party opposing the relief sought by the Motion must file a written opposition
14 setting forth the facts and law upon which the opposition is based and must appear at the
15 hearing on the Motion. Any factual allegations set forth in such written response must be
16 supported by competent and admissible evidence.

17 The Firm has filed an Application for Order Shortening Time to have this matter
18 hear as expeditiously as possible.  You will be advised if and when the Application is
19 granted and when your response to the Motion will be required.

20 Any response or opposition to the Motion must be filed with the Court and served
21 on Debtor's counsel, the Office of the U.S. Trustee, and all parties in interest, as set by the
22 Court.

23 Pursuant to *Local Bankruptcy Rule 9013-1*, any response not timely filed and served
24 may be deemed by the Court to be consent to the granting of the relief requested by the
25 Motion.

**SIMON RESNIK**
**HAYES LLP**

**2**

WHEREFORE, Applicant respectfully requests that the Court enter an order granting the requested relief and such other and further relief as is just and proper under the circumstances.

Dated:  August 18, 2015          **SIMON RESNIK HAYES LLP**

               **By:**   **/s/ M. Jonathan Hayes**
                   **M. Jonathan Hayes**
                   **Matthew D. Resnik**
                   **Roksana D. Moradi**
                   *Attorneys for Debtor*
                   Arden Rose

## NOTICE TO ARDEN ROSE OF CONSEQUENCES OF WITHDRAWAL

Notice is hereby given, pursuant to LBR 2091-1(c), that if this Motion is granted by the Court, representation of the Debtor in this chapter 7 case as well as the pending adversary proceeding by Simon Resnik Hayes LLP and M. Jonathan Hayes will end upon entry of the Order Granting Withdrawal.

The Debtor has been advised to immediately seek representation to insure that her rights are not adversely affected by the withdrawal. The Firm is filing concurrently herewith an Application for Order Shortening Time to hear it as the Debtor should get new counsel as quickly as possible.

There is a Status Conference coming up in the adversary proceeding on September 10, 2015. That is for the complaint the trustee filed against the Debtor asking the court to deny the Debtor's discharge. A Status Report is required at least 14 days prior to that hearing. The Firm will seek an extension from the Trustee to allow the Debtor sufficient time to find replacement counsel.

The continued Meeting of Creditors is now set for August 31, 2015 at 11:00 a.m.

The deadline to file Proofs of Claim and/or Proofs of Interest (the "Bar Date") was set for July 20, 2015.

## AN ATTORNEY IS PERMITTED TO WITHDRAW WHEN THERE IS A BREAKDOWN IN THE COMMUNICATION BETWEEN COUNSEL AND THE DEBTOR

The Debtor filed her emergency Chapter 7 petition in *pro per* on January 23, 2015. The Firm filed a Substitution of Attorney on the Debtor's behalf on May 21, 2015 and thereby became her attorney of record at that time.

Irreconcilable differences between the Firm and the Debtor have been manifest. The Firm is reluctant to discuss the details of such differences out of concern for attorney-client confidences, but the Firm emphasizes that the breakdown in the attorney-client relationship is clear and unambiguous.

Mr. Hayes and his office staff have had many telephone conversations with the Debtor about her position in this case. Associate Michael Avanesian has had many more conversations with her. There have been many letters back and forth. The Debtor has been advised many times that the Firm was going to withdraw based on the process of the case and the strained relationship between Mr. Hayes and the Debtor. There is simply nothing left that the Firm can do for her.

Mr. Hayes sent Ms. Rose a letter by fax on August 12, 2015 explaining that this motion was going to be filed. The letter explained the important upcoming dates and deadlines, the status of pending matters and anticipated tasks necessary to proceed in the within main case and Adversary Proceedings. The Debtor contacted the Firm the next day and spoke to Michael Avanesian about the proposed withdrawal. She called again on Friday, August 14 asking if the motion had been filed and advising whoever was on the telephone that she did not want it filed.

On Monday August 17, 2015, the Debtor faxed a handwritten note to Mr. Hayes with many comments including a request that the motion to withdraw not be filed. The handwritten note has made it more clear than ever to Mr. Hayes that the motion must be filed. There are irreconcilable differences and Mr. Hayes can no longer represent the Debtor.

Although there is no personal animosity between the Debtor and the Firm, it is clear that the Debtor wishes to take the within case in a direction that the Firm cannot follow, and the Firm should withdraw and allow the Debtor to proceed as she wishes.

1  Based upon the forgoing, Simon Resnik Hayes and M. Jonathan Hayes respectfully
2  request that the Court issue an order which permits Simon Resnik Hayes and M. Jonathan
3  Hayes to withdraw as attorneys of record for Joseph Francis Bartholomew.

4  <u>Rule 3-700(C)(1)(d) of the California Rules of Professional</u>

5  Rule 3-700(C)(1)(d) of the California Rules of Professional Conduct permits
6  an attorney to withdraw from representation if the client, "by other conduct
7  renders it unreasonably difficult for the member to carry out the employment
8  effectively…." The aforesaid breakdown in the attorney-client relationship
9  and the aforesaid acts and omissions (specifically, attempting to pursue a
10 course of action against the Firm's advice, not responding to certain
11 communications, not providing consistent instructions and not clarifying the
12 current status of the engagement) render it unreasonably difficult for the
13 Firm to carry out its representation.

14 It is overwhelmingly clear to the Firm and Mr. Hayes that the Debtor's conduct
15 renders it unreasonably difficult for it to carry out the employment effectively.  Again the
16 attorney-client privilege prevents the Firm from stating specifically the Debtor's specific
17 acts and omissions but they include, not responding to certain communications, not
18 providing consistent instructions and not clarifying the current status of the engagement.
19 The acts and omissions have made it unreasonably difficult for the Firm and essentially
20 impossible to carry out its representation.

22 Pursuant to Rule 3-700(A)(2), the Firm has taken steps to minimize any prejudice to
23 the Debtor, as discussed above, including by: (a) notifying the Debtor several times of the
24 need to withdraw and participating in many, many calls and correspondence to discuss the
25 issue various issues in this case and the inability to accomplish what is necessary to
26 represent her;  (b) providing a list of important upcoming dates and deadlines.  Further,

although the Debtor has not requested the client files (Rule 3-700(D)), the Firm will send its client file to the Debtor as soon as the Debtor provides an address.

The Firm communicates with the Debtor via daily phone calls. The Debtor has provided a fax number to the Firm which it uses to send her letters and written documents. The Firm does not have an address for her as she has told the Mr. Hayes and Mr. Avanesian (many times) that she is homeless.

This motion will be served upon the Debtor using the fax numbers that it has. The Firm will file a supplement to this motion as it is a certainty that the Debtor will try to contact Mr. Hayes after the Motion is filed.

The Firm is willing to accept all further notices, pleadings, or other papers addressed to the Debtor and forward those papers to the fax number she has provided for the next month. The Firm is reluctant to provide that fax number since it is known to be a friend of the Debtor's who presumably does not want the number disclosed on the internet.

## **CONCLUSION**

Based upon the forgoing, counsel for the Debtor, Simon Resnik Hayes and M. Jonathan Hayes, hereby respectfully request the Court to issue an order permitting the withdrawal of counsel for the Debtor, effective upon entry of an Order Granting Withdrawal.

Dated: August 18, 2015                                              **SIMON RESNIK HAYES LLP**

**By:      /s/ M. Jonathan Hayes**
**M. Jonathan Hayes**
**Matthew D. Resnik**
**Roksana D. Moradi**
*Attorneys for Debtor*
Arden Rose

## **DECLARATION OF M. JONATHAN HAYES**

I, M. Jonathan Hayes, declare as follows:

1.  I am an attorney at law licensed in the State of California and authorized to practice before the Federal Courts in the Central District of California, and before this Court. I am over the age of eighteen (18). I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true. I am counsel for the Debtor, Arden Rose.

2.  Irreconcilable differences between the Firm, and more specifically myself, and the Debtor have been manifest. I am reluctant to discuss the details of such differences out of concern for attorney-client confidences, but I emphasize that the breakdown in the attorney-client relationship is clear and unambiguous.

3.  I have had many telephone conversations with the Debtor about her position in this case. My associate Michael Avanesian has had many more conversations with her. There is simply nothing left I can do for her.

4.  I sent Ms. Rose a letter by fax on August 12, 2015 explaining that I am going to file this motion. The letter explained the important upcoming dates and deadlines, the status of pending matters and anticipated tasks necessary to proceed in the within main case and Adversary Proceedings. The Debtor called my office the next day and spoke to Michael Avanesian about the proposed withdrawal. She called again on Friday, August 14 asking if the motion had been filed and advising whoever was on the telephone that she did not want it filed.

5.  On Monday August 17, 2015, the Debtor faxed a handwritten note to me with many comments including a request that the motion to withdraw not be filed. The handwritten note has made it more clear than ever to me that I can no longer represent her.

6. Although there is no personal animosity between the Debtor and the Firm, it is clear that the Debtor wishes to take the within case in a direction that I cannot follow, and the Firm should withdraw and allow the Debtor to proceed as she wishes.

7. Ms. Rose calls our office daily. She has no email. She has provided a fax number to us which we use to send her letters and written documents. We do not have an address for her as she has told me and Mr. Avanesian she is homeless.

8. This motion will be served upon the Debtor using the fax numbers that we have. I will file a supplement to this motion as it is a certainty that the Debtor will try to contact me after the Motion is filed.

9. I am willing, for a month, to accept all further notices, pleadings, or other papers addressed to the Debtor and forward those papers to the fax number she has provided to us. We have sent her many things to that fax number. She receives them because she hand writes comments and notes using the letters and other things we have sent and returns them to us by fax. I am reluctant to provide that fax number since she has told me it is a friend of the Debtor's who presumably does not want the number disclosed on the internet.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2015, at Sherman Oaks, California.

                                             **/s/ M. Jonathan Hayes** \_\_\_\_\_
                                                  **M. Jonathan Hayes**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **15233 Ventura Blvd., Suite 250, Sherman Oaks, CA 91403.**

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION BY SIMON RESNIK HAYES LLP TO WITHDRAW AS ATTORNEY FOR THE DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF M. JONATHAN HAYES** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **8/18/2015** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov
- **M Jonathan Hayes**    jhayes@srhlawfirm.com, roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@srhlawfirm.com;staci@srhlawfirm.com;jhayesecf@gmail.com;sevan@srhlawfirm.com;carolyn@srhlawfirm.com;mike@s
- **Matthew A Lesnick**    matt@lesnickprince.com, tmims@lesnickprince.com;matt@ecf.inforuptcy.com
- **Jerry Namba (TR)**    jnambaepiq@earthlink.net, jnamba@ecf.epiqsystems.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL:** On **8/18/2015** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Peter H. Carroll
U.S. Bankruptcy Court
Central District – Northern Branch
1415 State Street, Suite 230
Santa Barbara, CA 93101-2511

<u>Debtor</u>
Arden Rose
P.O. Box 90625
Santa Barbara, CA 93190

<u>Creditors</u>

| | |
|---|---|
| American Express Blue<br>PO Box 981540<br>El Paso, TX 79998 | American Express Platinum<br>P.O. Box 981540<br>El Paso, TX 79998 |

**SIMON RESNIK HAYES LLP**

**10**

| | | |
|---|---|---|
| 1 | ATT Wireless<br>P.O. Box 537104<br>Atlanta, GA 30353 | Discover Card<br>c/o United Recovery Systems<br>P.O. Box 722929<br>Houston, TX 77272 |
| 2 | Bank of America<br>P O Box 15019<br>Wilmington, DE 19886-5019 | Discover Financial Services<br>PO BOX 6103<br>Carol Stream, IL 60197-6103 |
| 3 | CA Dept of Health Care Svcs<br>Recovery Section/OP Unit<br>MS 4720<br>P.O. Box 997421<br>Sacramento, CA 95899-7421 | Falcon's Luck LLC<br>1421 State Street, Ste. B<br>Santa Barbara, CA 93101 |
| 4 | Cen-Cal Health<br>4050 Calle Real<br>Santa Barbara, CA 93110 | FIA Car Services<br>P.O.Box 15026<br>Wilmington, DE 19850 |
| 5 | Chase Bank USA, Inc.<br>c/o Capital Management Svcs<br>698 1/2 South Ogden St.<br>Buffalo, NY 14206-2317 | FIA Card Services, N.A.<br>c/o Sunrise Credit Svcs, Inc.<br>P.O. Box 9100<br>Farmingdale, NY 11735-9100 |
| 6 | Chase National Bank<br>P.O. Box 36520<br>Louisville, KY 40233 | Franchise Tax Board<br>Attn: Bankruptcy Unit<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 |
| 7 | Chubb Grp of Ins. Cos.<br>2603 Camino Ramon 300<br>San Ramon, CA 94583 | Frenkel Benefit LLC<br>601 Plaza 3, 6th FL<br>Jersey City, NJ 07311 |
| 8 | Citibank<br>100 Citibank Drive<br>San Antonio, TX 78245 | Genova Diagnostics<br>63 Zillicoa Street<br>Asheville, NC 28801 |
| 9 | Citibank, N.A.<br>c/o Northland Group Inc<br>P.O. Box 390905<br>Minneapolis, MN 55439 | Housing Rights Center<br>3255 Wilshire Blvd., Ste. 1150<br>Los Angeles, CA 90010 |
| 10 | Citibank, N.A.<br>c/o ARS National Svcs, Inc.<br>P.O. Box 463023<br>Escondido, CA 92046-3023 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| 11 | Citibank, N.A.<br>c/o Client Svcs Inc.<br>3541 Harry Truman Blvd.<br>Saint Charles, MO 63301-4047 | JP Morgan Chase<br>c/o Firstsource Advantage LLC<br>P.O. Box 628<br>Buffalo, NY 14240-0628 |
| 12 | Discount Move Services<br>3905 State Street, Ste. 7-350<br>Santa Barbara, CA 93105 | Kathleen Griffin MD<br>33 West Mission Street<br>Santa Barbara, CA 93101 |
| 13 | Discover Bank<br>P.O. Box 3025<br>New Albany, OH 43054-3025 | |

SIMON RESNIK
HAYES LLP

2

| | |
|---|---|
| Legal Aid Foundation of<br>Santa Barbara County<br>Attn: Alex Lambrous<br>301 E. Canon Perdido St.<br>Santa Barbara, CA 93101 | PSCC Insurance Svcs.<br>P.O. Box 25097<br>Glendale, CA 91221-5097 |
| MBNA<br>P.O. Box 4369 Station A<br>Toronto, ON M5W 3P2<br>Canada | Public Storage<br>7246 Hollister Ave.<br>Goleta, CA 93117-2807 |
| Meridian Group R.E. Mgmt<br>5290 Overpass Road, Ste. C<br>Santa Barbara, CA 93111 | Reetz Fox and Bartlett<br>116 East Sola Street<br>Santa Barbara, CA 93101 |
| Office of the District Attorney<br>County of Santa Barbara<br>Attn: Kristina Rauchhaus<br>115 Civic Center Plaza<br>Lompoc, CA 93436 | Rogers Sheffield & Campbell LLP<br>Attn: Philip I Moncharsh<br>150 E. Carrillo Street<br>Santa Barbara, CA 93101 |
| Philip I. Moncharsh<br>P.O. Box 627<br>Ojai, CA 93024 | Santa Barbara City Dept of<br>Social Services<br>234 Camino Del Remedio<br>Santa Barbara, CA 93110 |
| | State of California Dept of<br>Healthcare Services<br>Investigations Section<br>7112 N. Fresno St., Ste. 200<br>Fresno, CA 93720 |

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **8/18/2015** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **8/18/2015** | **Ja'Nita Fisher** | **/s/ Ja'Nita Fisher** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**SIMON RESNIK HAYES LLP**

**3**